**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **DANIEL SOLIS** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 17-347** |
| | § | |
| **AMERICAN INTERNATIONAL** | § | |
| **GROUP, INC.,** *ET AL.* | § | |
| | § | |
| *Defendants* | § | |

---

**DEFENDANT AIG PROPERTY CASUALTY COMPANY'S
NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, AIG PROPERTY CASUALTY COMPANY, incorrectly referred to in Plaintiff's First Amended Petition as "AIG Property and Casualty"[1] Defendant in the above-styled cause appearing by and through the assistance of the undersigned counsel of record, and without waiving any of its rights or defenses, hereby gives notice of removal of this case from the 117th Judicial District Court of Nueces County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division.  In support thereof, Defendant AIG Property Casualty Company respectfully shows the Honorable Court as follows:

---

[1] Plaintiff's First Amended Petition also refers to "American International Group, Inc." which is a separate entity from AIG Property Casualty Company.  American International Group, Inc. has not been properly served in this lawsuit and this notice of removal is not an appearance on behalf of American International Group, Inc.

# I.
# INTRODUCTION

1.1    Plaintiff, Daniel Solis (hereinafter referred to as "Plaintiff" or "Solis") initially named American International Group, Inc. in his state court action.[2]   The case was docketed as Cause No. 2016DCV-5951-B; *Daniel Solis v. American International Group, Inc.,* and assigned to the 117th Judicial District Court (the "State Court Action"). American International Group, Inc. has not been properly served with process in the State Court Action.   Plaintiff filed an amended petition adding AIG Property Casualty Company as a Defendant in the State Court Action on December 16, 2016.[3]   Plaintiff's First Amended Petition was served on AIG Property Casualty Company's registered agent for service on January 6, 2017.[4]   The State Court Action is a lawsuit seeking damages in excess of $100,000 for alleged breach of contract.[5]

1.2    American International Group, Inc. has not been properly served with process in the State Court Action.   Defendant AIG Property Casualty Company was served with Plaintiff's First Amended Petition on January 6, 2017.   Accordingly, Defendant AIG Property Casualty Company is timely filing its Notice of Removal within thirty days after service and receipt of the Original Petition in accordance with 28 U.S.C. § 1446(b).   The one-year deadline under 28 U.S.C. § 1446(c) has not elapsed.

1.3    Plaintiff has made a jury demand in its Original Petition.

---

[2] *See* Plaintiff's Original Petition a copy of which is attached as Exhibit C-2.
[3] *See* Plaintiff's First Amended Petition a copy of which is attached as Exhibit C-5, in which Plaintiff incorrectly named AIG Property Casualty Company as "AIG Property and Casualty."
[4] *See* Citation for Service and Notice of Service of Process, copies of which are attached as Exhibits D and E.
[5] *See* Plaintiff's First Amended Petition a copy of which is attached as Exhibit C-5, paras. 2.1, 8.1-8.4, pp. 1 and 4.

## II.
## THE PARTIES

2.1    Plaintiff has alleged that he is a resident of Texas.[6]

2.2    Defendant AIG Property Casualty Company is a corporation incorporated under the laws of the State of Pennsylvania, having its principal place of business now and at the time this action was commenced in New York, New York.  As a result, AIG Property Casualty Company is a citizen of Pennsylvania and New York.[7]  Plaintiff failed to allege AIG Property Casualty Company's State of citizenship.    Defendant AIG Property Casualty Company is not a citizen of Texas.[8]

## III.
## BASIS FOR REMOVAL

### A.    Removal Standard - Diversity

3.1    28 U.S.C. § 1332(a) confers original jurisdiction over any civil matter which is between citizens of different states and involves an amount in controversy which exceeds $75,000, exclusive of interest and costs.  Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending.  *See* 28 U.S.C. § 1441(a).

3.2    With regard to determining whether or not diversity jurisdiction is present, citizenship is determined at the time the state court suit was filed.  *See Smith v.*

---

[6] *Id.* at para. 3.1, p.1.

[7] Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).

[8] American International Group, Inc., which has not been properly served with process, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business now and at the time this action was commenced in New York, New York; it is therefore a citizen of Delaware and New York. Plaintiff failed to allege American International Group, Inc.'s state of citizenship.

*Sperling*, 354 U.S. 91, 93 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).

3.3    Diversity jurisdiction depends upon a showing of complete diversity, which means that none of the plaintiffs may be a citizen of the same state as one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).  Plaintiff asserts he is a citizen of Texas.  AIG Property Casualty Company is now and at the time this action commenced was a citizen of Pennsylvania and New York.  As a result, there is complete diversity among the parties and removal is appropriate on the basis of diversity jurisdiction.[9]

**B.    Amount in Controversy Exceeds $75,000**

3.4    The amount in controversy requirement is satisfied because the value of the object of the litigation exceeds the jurisdictional amount, $75,000.

3.5    Plaintiff's First Amended Petition states that "Plaintiff seeks recovery of damages for monetary relief over $100,000 but not more than $200,000.  In the alternative, Plaintiffs seek recovery of damages for monetary relief in an amount over $200,000 but not more than $1,000,000."[10]  Therefore, removal is proper here because the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a).

---

[9] American International Group, Inc., which has not been properly served with process, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business now and at the time this action was commenced in New York, New York; it is therefore a citizen of Delaware and New York. Plaintiff failed to allege American International Group, Inc.'s state of citizenship.
[10] Plaintiff's First Amended Petition, Exhibit C-5, para. 2.1, p. 1.

## IV.
## JURISDICTION & VENUE

4.1     The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.2     Venue is appropriate in the Southern District of Texas, Division of Corpus Christi under 28 U.S.C. § 1441(a) because this district and division encompasses Nueces County where the State Court Action is pending.

## V.
## REQUIRED DOCUMENTS

5.1     Pursuant to 28 U.S.C. 1446(a) and Rule 81 of the Local Rules of the Southern District of Texas, Defendant attaches hereto copies of all pleadings, process, orders, and other filings in the State Court Action as well as the State Court Action's docket sheet.[11] The pleadings, process, orders, other filings, and docket sheet from the State Court Action are identified in the Index of Matters Being Filed with Removal which appears as Exhibit A.

5.2     Pursuant to Rule 81(6) of the Local Rules of the Southern District of Texas, Defendant AIG Property Casualty Company attaches hereto a List of All Counsel of Record.[12]

## VI.
## CONSENT OF ALL DEFENDANTS

6.1     For suits involving multiple defendants, "all defendants who have been properly joined and served must join in and consent to the removal of the action."[13]   Defendant AIG Property Casualty Company, the party filing this removal, is the only defendant that

---

[11] *See* attached Exhibits B & C.
[12] *See* attached Exhibit F.
[13] 28 U.S.C. § 1446(b)(2).

was properly served with process in the State Court Action. American International Group, Inc. has not been properly served with process in the State Court Action, and has not appeared in this lawsuit; thus its consent to removal is not required.

## VII.
## REQUIRED NOTICE

7.1    Pursuant to 28 U.S.C. § 1446(d), Defendant AIG Property Casualty Company will promptly provide notice to all adverse parties and will file a copy of this Notice of Removal with the Nueces County District Clerk's Office.

## VIII.
## CONCLUSION

WHEREFORE, because there is complete diversity between the parties to this suit, and because the amount in controversy exceeds $75,000, Defendant AIG Property Casualty Company hereby removes all further proceedings in this action to the United States District Court for the Southern District of Texas, Corpus Christi Division, and respectfully requests that this Court assume full jurisdiction in this action as provided by law.  Defendant AIG Property Casualty Company asks for all further relief to which it may show itself entitled in law or in equity.

Respectfully submitted, this the 3rd day of February, 2017,

**BROWN SIMS, P.C.**

By: _____
Mark C. Clemer
Attorney-in-Charge
Texas Bar No. 04372300
Federal ID. No. 7662
1177 West Loop South, Tenth Floor
Houston, Texas  77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
*mclemer@brownsims.com*

**COUNSEL FOR DEFENDANT**
**AIG PROPERTY CASUALTY**
**COMPANY**

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing pleading has been sent via U.S. certified mail, return receipt requested, and facsimile to the following counsel of record on this the 3rd day of February, 2017:

Paul L. Sadler
**Carabin & Shaw, P.C.**
630 Broadway
San Antonio, TX 78215
Phone: (210)222-2288
Fax: (210)271-1515
Email: psadler@carabinshaw.com

**ATTONEY FOR THE PLAINTIFF**

Mark C. Clemer