# State Court Pleadings, Process, Orders & Other Filings

## EXHIBIT C

Filed
11/16/2016 11:40:49 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CIVIL CASE INFORMATION SHEET

2016DCV-5951-B

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED DANIEL SOLIS VS. AMERICAN INTERNATIONAL GROUP, INC.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

Name: Paul L. Sadler
Email: psadler@carabinshaw.com

Address: 630 Broadway
Telephone: 210.222.2288

City/State/Zip: San Antonio, Texas 78215
Fax: 210.271.1515

Signature: /s/ Paul L. Sadler
State Bar No: 17512400

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Daniel Solis

Defendant(s)/Respondent(s): American International Group, Inc.

*(Attach additional page as necessary to list all parties)*

### Person or entity completing sheet is:

☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | **Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| | ☐ Other Injury or Damage: | | | |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

### 4. Indicate damages sought *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

EXHIBIT C-1

Filed
11/16/2016 11:40:49 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. _____ 2016DCV-5951-B

| | | |
|---|---|---|
| DANIEL SOLIS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| AMERICAN INTERNATIONAL GROUP, | § | |
| INC., | § | |
| | § | NUECES COUNTY, TEXAS |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

COMES NOW, DANIEL SOLIS, Plaintiff in the above-styled and numbered cause of action, complaining of Defendant AMERICAN INTERNATIONAL GROUP, INC., and in support thereof would show unto this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

1.1   Plaintiff, DANIEL SOLIS, intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. CLAIM FOR RELIEF

2.1   Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of damages for monetary relief over $100,000 but not more than $200,000.  In the alternative, Plaintiffs seek recovery of damages for monetary relief in an amount over $200,000 but not more than $1,000,000.

## III. PARTIES

3.1   Daniel Solis ("Plaintiff Solis") is a resident of Texas.

EXHIBIT C-2

3.2     Defendant, AMERICAN INTERNATIONAL GROUP, INC., ("Defendant AIG") is registered to do business in Texas and currently doing business in Texas which may be served with process through its registered agent **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.** The venue of this case is proper in Nueces County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code.

## IV. JURISDICTION AND VENUE

4.1     This subject matter in controversy is within the jurisdictional limits of this court.

4.2     All or a substantial part of the events or omissions giving rise to the claim arose in Nueces County.  Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.  Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Nueces County.

4.3     Venue in Nueces County is proper in this cause under Section 1952.110(2) of the Texas Insurance Code.

## V. FACTS

5.1     On or about October 24, 2015, Daniel Solis was traveling southwest on SH 72. Another vehicle, being driven by David Sandoval, traveling northeast on the same road and at an unsafe speed, hydroplaned and began to skid sideways then crossed the center stripe into the path of Plaintiff Daniel Solis who was unable to avoid the violent collision.

5.2     At all times material, Plaintiff Daniel Solis was covered by an uninsured/underinsured insurance policy issued by Defendant American International Group, Inc. to his employer who owns the vehicle he was driving with the employer's permission and within the course and scope of his employment.  The carrier has been put on notice that an underinsured motorist claim was being pursued and the carrier has failed to pay the claim.

## VI. BREACH OF CONTRACT (AMERICAN INTERNATIONAL GROUP, INC.)

6.1     On October 24, 2015, the date of the collision, Plaintiff Solis was covered by the auto insurance issued by Defendant American International Group, Inc., policy number CA 100-18-63 to the employer of Mr. Solis.  This policy included coverage for underinsured motorists. Plaintiff Solis, is a valid "covered person" under this policy.  David Sandoval had insurance coverage to compensate Plaintiff Solis for his injuries and damages.  However, David Sandoval's policy is a "minimum policy" and insufficient to compensate Solis for his injuries.

6.3     Plaintiff Solis hereby seeks recovery for damages under the underinsured motorist coverage of Defendant American International Group, Inc.'s policy which it issued to Mr. Solis's employer.

6.4     For this breach of contract, Plaintiff Solis seeks damages within the jurisdictional limits of the Court, and all conditions precedent to the filing of suit have been accomplished or waived by the defendant.

6.5     For this breach of contract, Plaintiff Solis is also entitled to recover reasonable and necessary attorney fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code.

## VII. DAMAGES

7.1     Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.    Physical pain and suffering in the past, and which, in all reasonable probability, will continue to be incurred in the future;

    b.    Mental anguish in the past, and which, in all reasonable probability, will continue to be incurred in the future;

3

     c.     Loss of earning capacity in the past and which, in all reasonable probability, will continue to be incurred in the future;

     d.     Physical impairment in the past and which, in all reasonable probability, will continue to be incurred in the future; and

     e.     Reasonable and necessary medical care and expenses in the past and which, in all reasonable probability, will continue to be incurred in the future.

7.2     Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit. Plaintiff's damages as defined above exceed the policy limits of the Defendant's policy and, therefore, Plaintiff seeks damages for the amount of the policy as breach of contract.

7.3     Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## VIII. JURY DEMAND

8.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff Solis demands a jury trial and tenders the appropriate fee.

## IX. REQUEST FOR DISCLOSURE

9.1     Pursuant to Rule 194, request is made that Defendant American International Group, Inc. disclose, within thirty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Defendant American International Group, Inc. must serve a written response to these Requests for Disclosure on Plaintiff Solis within thirty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## X. CERTIFICATE OF WRITTEN DISCOVERY

10.1    Plaintiff Solis has served contemporaneously with this petition Requests for Disclosure to American International Group, Inc.

## XI. RULE 193.7 NOTICE

11.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff Solis hereby gives actual notice to Defendant American International Group, Inc. that any and all documents produced may be used against them at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Solis respectfully prays that Defendant American International Group, Inc. be cited in terms of law to appear and answer herein, that upon final trial and hearing of the cause, judgment be entered for the Plaintiff Solis against Defendant American International Group, Inc. for damages in accordance with the evidence; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; attorney fees for breach of contract, and such other and further relief, both general and special, both in law and in equity, to which Plaintiff Solis may be justly entitled.

[signature blank on next page]

Respectfully Submitted,

Paul L. Sadler
State Bar No. 17512400
CARABIN & SHAW, P.C.
630 Broadway
San Antonio, Texas 78215
Tel: (210) 222-2288
Fax: (210) 271-1515
psadler@carabinshaw.com

**ATTORNEY FOR PLAINTIFF**

Filed
11/16/2016 11:40:49 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

# NUECES COUNTY PROCESS REQUEST SHEET

### 901 LEOPARD STREET ROOM 313 / CORPUS CHRISTI, TEXAS 78401
### PHONE # 361-888-0450  /  FAX # 361-888-0424

---

### *FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.*

2016DCV-5951-B

CAUSE NUMBER: _____     CURRENT COURT: _____

DATE OF REQUEST: _____     AMOUNT PAID: _____

---

### *SERVICE WILL ONLY BE ISSUED UPON PAYMENT OF COST!*

---

**TYPE OF SERVICE/PROCESS TO BE ISSUED**
*Private Process*

**NAME OF DOCUMENT/PLEADING TO BE SERVED**
*Plaintiff's Original Petition, Jury Demand, Requests for Disclosure, and Rule 193.7 Notice*

**SERVICE BY:**
[ ] ATTORNEY FOR PICK UP     [ ] ATTORNEY RETURN BY MAIL  [ ] CONSTABLE / SHERIFF     [ ] NO SERVICE
[X] CIVIL PROCESS SERVER:
AUTHORIZED PERSON: *Pronto Process* _____  PHONE: *(210) 226-7192*
[ ] CERTIFIED MAIL     [ ] RESTRICTED DELIVERY  _____
[ ] COURTHOUSE POSTING     # OF DAYS TO BE POSTED: _____
                                                    BRIEF STATEMENT OF SUIT (USE REVERSE SIDE)
[ ] PUBLICATION          NAME OF PUBLICATION: _____
                         # OF DAYS TO BE PUBLISHED: _____
                                                    BRIEF STATEMENT OF SUIT (USE REVERSE SIDE)

**PARTY/PARTIES TO BE SERVED:** *American International Group, Inc. by serving its registered*
[1] NAME/AGENT *Corporate Service Company*
     ADDRESS *211 E. 7th Street, Ste. 620, Austin, Texas 78701*

[2] NAME/AGENT _____
     ADDRESS _____

**ATTORNEY OR PARTY REQUESTING ISSUANCE OF PROCESS;**

NAME *Paul L. Sadler* _____  ATTORNEY BAR # *17512400*
MAILING ADDRESS *630 Broadway, San Antonio, Texas 78215*
PHONE # *(210) 222-2288* _____  FAX # *(210) 271.1515*
ATTORNEY REPRESENTS: _____  PLAINTIFF *X*  DEFENDANT _____  OTHER _____

EXHIBIT C-3

Filed
11/16/2016 9:46:29 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. <u>2016DCV-5951-B</u>

| | | |
|---|---|---|
| DANIEL SOLIS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| AMERICAN INTERNATIONAL GROUP, | § | |
| INC., | § | |
| | § | NUECES COUNTY, TEXAS |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

COMES NOW, DANIEL SOLIS, Plaintiff in the above-styled and numbered cause of action, complaining of Defendant AMERICAN INTERNATIONAL GROUP, INC., and in support thereof would show unto this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1.1     Plaintiff, DANIEL SOLIS, intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II. CLAIM FOR RELIEF

2.1     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of damages for monetary relief over $100,000 but not more than $200,000. In the alternative, Plaintiffs seek recovery of damages for monetary relief in an amount over $200,000 but not more than $1,000,000.

### III. PARTIES

3.1     Daniel Solis ("Plaintiff Solis") is a resident of Texas.

1

EXHIBIT C-4

3.2     Defendant, AMERICAN INTERNATIONAL GROUP, INC., ("Defendant AIG") is registered to do business in Texas and currently doing business in Texas which may be served with process through its registered agent **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.** The venue of this case is proper in Nueces County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code.

## IV. JURISDICTION AND VENUE

4.1     This subject matter in controversy is within the jurisdictional limits of this court.

4.2     All or a substantial part of the events or omissions giving rise to the claim arose in Nueces County.  Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.  Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Nueces County.

4.3     Venue in Nueces County is proper in this cause under Section 1952.110(2) of the Texas Insurance Code.

## V. FACTS

5.1     On or about October 24, 2015, Daniel Solis was traveling southwest on SH 72. Another vehicle, being driven by David Sandoval, traveling northeast on the same road and at an unsafe speed, hydroplaned and began to skid sideways then crossed the center stripe into the path of Plaintiff Daniel Solis who was unable to avoid the violent collision.

5.2     At all times material, Plaintiff Daniel Solis was covered by an uninsured/underinsured insurance policy issued by Defendant American International Group, Inc. to his employer who owns the vehicle he was driving with the employer's permission and within the course and scope of his employment.  The carrier has been put on notice that an underinsured motorist claim was being pursued and the carrier has failed to pay the claim.

## VI. BREACH OF CONTRACT (AMERICAN INTERNATIONAL GROUP, INC.)

6.1     On October 24, 2015, the date of the collision, Plaintiff Solis was covered by the auto insurance issued by Defendant American International Group, Inc., policy number CA 100-18-63 to the employer of Mr. Solis.  This policy included coverage for underinsured motorists. Plaintiff Solis, is a valid "covered person" under this policy.  David Sandoval had insurance coverage to compensate Plaintiff Solis for his injuries and damages.  However, David Sandoval's policy is a "minimum policy" and insufficient to compensate Solis for his injuries.

6.3     Plaintiff Solis hereby seeks recovery for damages under the underinsured motorist coverage of Defendant American International Group, Inc.'s policy which it issued to Mr. Solis's employer.

6.4     For this breach of contract, Plaintiff Solis seeks damages within the jurisdictional limits of the Court, and all conditions precedent to the filing of suit have been accomplished or waived by the defendant.

6.5     For this breach of contract, Plaintiff Solis is also entitled to recover reasonable and necessary attorney fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code.

## VII. DAMAGES

7.1     Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

  a. Physical pain and suffering in the past, and which, in all reasonable probability, will continue to be incurred in the future;

  b. Mental anguish in the past, and which, in all reasonable probability, will continue to be incurred in the future;

    c.      Loss of earning capacity in the past and which, in all reasonable probability, will continue to be incurred in the future;

    d.      Physical impairment in the past and which, in all reasonable probability, will continue to be incurred in the future; and

    e.      Reasonable and necessary medical care and expenses in the past and which, in all reasonable probability, will continue to be incurred in the future.

7.2    Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit. Plaintiff's damages as defined above exceed the policy limits of the Defendant's policy and, therefore, Plaintiff seeks damages for the amount of the policy as breach of contract.

7.3    Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## VIII. JURY DEMAND

8.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff Solis demands a jury trial and tenders the appropriate fee.

## IX. REQUEST FOR DISCLOSURE

9.1    Pursuant to Rule 194, request is made that Defendant American International Group, Inc. disclose, within thirty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Defendant American International Group, Inc. must serve a written response to these Requests for Disclosure on Plaintiff Solis within thirty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## X. CERTIFICATE OF WRITTEN DISCOVERY

10.1    Plaintiff Solis has served contemporaneously with this petition Requests for Disclosure to American International Group, Inc.

## XI. RULE 193.7 NOTICE

11.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff Solis hereby gives actual notice to Defendant American International Group, Inc. that any and all documents produced may be used against them at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Solis respectfully prays that Defendant American International Group, Inc. be cited in terms of law to appear and answer herein, that upon final trial and hearing of the cause, judgment be entered for the Plaintiff Solis against Defendant American International Group, Inc. for damages in accordance with the evidence; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; attorney fees for breach of contract, and such other and further relief, both general and special, both in law and in equity, to which Plaintiff Solis may be justly entitled.

[signature blank on next page]

Respectfully Submitted,

Paul L. Sadler
State Bar No. 17512400
CARABIN & SHAW, P.C.
630 Broadway
San Antonio, Texas 78215
Tel: (210) 222-2288
Fax: (210) 271-1515
psadler@carabinshaw.com

**ATTORNEY FOR PLAINTIFF**

Filed
12/16/2016 10:21:47 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2016DCV-5951-B

| | | |
|---|---|---|
| DANIEL SOLIS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 117th JUDICIAL DISTRICT |
| | § | |
| | § | |
| AMERICAN INTERNATIONAL GROUP, | § | |
| INC., | § | |
| | § | NUECES COUNTY, TEXAS |
| Defendant. | | |

### PLAINTIFF'S FIRST AMENDED PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

COMES NOW, DANIEL SOLIS, Plaintiff in the above-styled and numbered cause of action, complaining of Defendant AMERICAN INTERNATIONAL GROUP, INC. and AIG PROPERTY AND CASUALTY, in support thereof would show unto this Honorable Court the following:

### I.  DISCOVERY CONTROL PLAN

1.1     Plaintiff, DANIEL SOLIS, intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II. CLAIM FOR RELIEF

2.1     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of damages for monetary relief over $100,000 but not more than $200,000.   In the alternative, Plaintiffs seek recovery of damages for monetary relief in an amount over $200,000 but not more than $1,000,000.

### III. PARTIES

3.1     Daniel Solis ("Plaintiff Solis") is a resident of Texas.

1

EXHIBIT C-5

3.2     Defendant, AMERICAN INTERNATIONAL GROUP, INC., ("Defendant AIG") is registered to do business in Texas and currently doing business in Texas which may be served with process through its registered agent.

3.3     Defendant, AIG PROPERTY AND CASUALTY ("Defendant AIG PROPERTY AND CASUALTY") is registered to do business in Texas and currently doing business in Texas which may be served with process through its registered agent **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.** The venue of this case is proper in Nueces County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code.

## IV. JURISDICTION AND VENUE

4.1     This subject matter in controversy is within the jurisdictional limits of this court.

4.2     All or a substantial part of the events or omissions giving rise to the claim arose in Nueces County.  Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.  Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Nueces County.

4.3     Venue in Nueces County is proper in this cause under Section 1952.110(2) of the Texas Insurance Code.

## V. REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

5.1     To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendants answer in their correct legal and assumed names.

2

## VI. FACTS

6.1     On or about October 24, 2015, Daniel Solis was traveling southwest on SH 72. Another vehicle, being driven by David Sandoval, traveling northeast on the same road and at an unsafe speed, hydroplaned and began to skid sideways then crossed the center stripe into the path of Plaintiff Daniel Solis who was unable to avoid the violent collision.

6.2     At all times material, Plaintiff Daniel Solis was covered by an uninsured/underinsured insurance policy issued by Defendant American International Group, Inc. and/or AIG Property and Casualty to his employer who owns the vehicle he was driving with the employer's permission and within the course and scope of his employment.  The carrier has been put on notice that an underinsured motorist claim was being pursued and the carrier has failed to pay the claim.

## VII. BREACH OF CONTRACT (AMERICAN INTERNATIONAL GROUP, INC.)

7.1     On October 24, 2015, the date of the collision, Plaintiff Solis was covered by the auto insurance issued by Defendant American International Group, Inc. and/or AIG Property and Casualty, policy number CA 100-18-63 to the employer of Mr. Solis.  This policy included coverage for underinsured motorists.  Plaintiff Solis, is a valid "covered person" under this policy. David Sandoval had insurance coverage to compensate Plaintiff Solis for his injuries and damages. However, David Sandoval's policy is a "minimum policy" and insufficient to compensate Solis for his injuries.

7.2     Plaintiff Solis hereby seeks recovery for damages under the underinsured motorist coverage of Defendant American International Group, Inc.'s or AIG Property and Casualty's policy which it issued to Mr. Solis's employer.

3

7.3     For this breach of contract, Plaintiff Solis seeks damages within the jurisdictional limits of the Court, and all conditions precedent to the filing of suit have been accomplished or waived by the defendant.

7.4     For this breach of contract, Plaintiff Solis is also entitled to recover reasonable and necessary attorney fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code.

## VIII. BREACH OF CONTRACT (AIG PROPERTY AND CASUALTY)

8.1     On October 24, 2015, the date of the collision, Plaintiff Solis was covered by the auto insurance issued by Defendant American International Group, Inc. or AIG Property and Casualty, policy number CA 100-18-63 to the employer of Mr. Solis.   This policy included coverage for underinsured motorists.  Plaintiff Solis, is a valid "covered person" under this policy. David Sandoval had insurance coverage to compensate Plaintiff Solis for his injuries and damages. However, David Sandoval's policy is a "minimum policy" and insufficient to compensate Solis for his injuries.

8.2     Plaintiff Solis hereby seeks recovery for damages under the underinsured motorist coverage of Defendant American International Group, Inc.'s or AIG Property and Casualty's policy which it issued to Mr. Solis's employer.

8.3     For this breach of contract, Plaintiff Solis seeks damages within the jurisdictional limits of the Court, and all conditions precedent to the filing of suit have been accomplished or waived by the defendant.

8.4     For this breach of contract, Plaintiff Solis is also entitled to recover reasonable and necessary attorney fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code.

## IX. DAMAGES

9.1     Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.    Physical pain and suffering in the past, and which, in all reasonable probability, will continue to be incurred in the future;

      b.    Mental anguish in the past, and which, in all reasonable probability, will continue to be incurred in the future;

      c.    Loss of earning capacity in the past and which, in all reasonable probability, will continue to be incurred in the future;

      d.    Physical impairment in the past and which, in all reasonable probability, will continue to be incurred in the future; and

      e.    Reasonable and necessary medical care and expenses in the past and which, in all reasonable probability, will continue to be incurred in the future.

9.2     Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.  Plaintiff's damages as defined above exceed the policy limits of the Defendant's policy and, therefore, Plaintiff seeks damages for the amount of the policy as breach of contract.

9.3     Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## X. JURY DEMAND

10.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff Solis demands a jury trial and tenders the appropriate fee.

## XI. REQUEST FOR DISCLOSURE

11.1     Pursuant to Rule 194, request is made that Defendant American International Group, Inc. and AIG Property and Casualty disclose, within thirty (50) days of service of this

request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Defendant American International Group, Inc. or AIG Property and Casualty must serve a written response to these Requests for Disclosure on Plaintiff Solis within thirty (50) days after the service of this request.  Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XII. CERTIFICATE OF WRITTEN DISCOVERY

11.1    Plaintiff Solis has served contemporaneously with this petition Requests for Disclosure to American International Group, Inc. and AIG Property and Casualty.

## XII. RULE 193.7 NOTICE

12.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff Solis hereby gives actual notice to Defendant American International Group, Inc. and AIG Property and Casualty that any and all documents produced may be used against them at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Solis respectfully prays that Defendant American International Group, Inc. and AIG Property and Casualty be cited in terms of law to appear and answer herein, that upon final trial and hearing of the cause, judgment be entered for the Plaintiff Solis against Defendant American International Group, Inc. and AIG Property and Casualty for damages in accordance with the evidence; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; attorney fees for breach of contract, and such other and further relief, both general and special, both in law and in equity, to which Plaintiff Solis may be justly entitled.

Respectfully Submitted,

_Paul L. Sadler_

Paul L. Sadler
State Bar No. 17512400
CARABIN & SHAW, P.C.
630 Broadway
San Antonio, Texas 78215
Tel: (210) 222-2288
Fax: (210) 271-1515
psadler@carabinshaw.com

**ATTORNEY FOR PLAINTIFF**

Filed
12/16/2016 10:21:47 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

# NUECES COUNTY PROCESS REQUEST SHEET

**901 LEOPARD STREET ROOM 313 / CORPUS CHRISTI, TEXAS 78401**
**PHONE # 361-888-0450    /    FAX # 361-888-0424**

## FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.

CAUSE NUMBER: 2016 DCV 5951 B

DATE OF REQUEST: 12/16/16

CURRENT COURT: _____

AMOUNT PAID: _____

## SERVICE WILL ONLY BE ISSUED UPON PAYMENT OF COST!

**TYPE OF SERVICE/PROCESS TO BE ISSUED**
Private Process

**NAME OF DOCUMENT/PLEADING TO BE SERVED**
Plaintiff's First Amended Petition

**SERVICE BY:**
[ ] ATTORNEY FOR PICK UP    [ ] ATTORNEY RETURN BY MAIL    [ ] CONSTABLE / SHERIFF    [ ] NO SERVICE
[X] CIVIL PROCESS SERVER: Pronto
AUTHORIZED PERSON: Pronto                                    PHONE: 210 226-7192
[ ] CERTIFED MAIL          [ ] RESTRICTED DELIVERY
[ ] COURTHOUSE POSTING     # OF DAYS TO BE POSTED: _____
                                                   BRIEF STATEMENT OF SUIT (USE REVERSE SIDE)
[ ] PUBLICATION        NAME OF PUBLICATION:    _____
                       # OF DAYS TO BE PUBLISHED: _____
                                                   BRIEF STATEMENT OF SUIT (USE REVERSE SIDE)

**PARTY/PARTIES TO BE SERVED:** AIG Property and Casualty
[1] NAME/AGENT by serving registered agent: Corporation Service Company
ADDRESS 211 E. 7th Street, Suite 620, Austin, TX 78701

[2] NAME/AGENT _____
ADDRESS _____

**ATTORNEY OR PARTY REQUESTING ISSUANCE OF PROCESS:**

NAME Paul L. Sadler                    ATTORNEY BAR # 17512400
MAILING ADDRESS 630 Broadway San Antonio, Texas 78215
PHONE # 210 222-2288                   FAX # 210 271-1515
ATTORNEY REPRESENTS:        PLAINTIFF X    DEFENDANT _____    OTHER _____

EXHIBIT C-6

Filed
1/27/2017 1:08:24 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

Cause No. 2016DCV-5951-B

| | | |
|---|---|---|
| Daniel Solis | § | In the District Court of |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Nueces County, Texas |
| | § | |
| American International Group, Inc., | § | |
| *et al.,* | § | |
| | § | 117th Judicial District |
| *Defendants.* | § | |

## DEFENDANT AIG PROPERTY CASUALTY COMPANY'S ORIGINAL ANSWER, SUBJECT TO ITS MOTION TO TRANSFER VENUE

COMES NOW DEFENDANT, AIG PROPERTY CASUALTY COMPANY, incorrectly referred to in Plaintiff's First Amended Petition as "AIG Property and Casualty"[1] and subject to its Motion to Transfer Venue, and files its Original Answer to Plaintiff's First Amended Petition respectfully showing this Honorable Court the following:

### I. GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial as to Plaintiff's Amended Petition; and thus, generally denies each and every allegation contained in Plaintiff's Amended Petition and demands strict proof thereof.

### II. AFFIRMATIVE DEFENSES

Defendant did not issue the insurance policy CA 100-18-63 that forms the basis of Plaintiff's claim.

---

[1] Plaintiff's First Amended Petition also refers to "American International Group, Inc." which is a separate entity from AIG Property Casualty Company. American International Group, Inc. has not been served with process in this lawsuit and this motion is not an appearance on behalf of American International Group, Inc.

EXHIBIT C-7

Defendant is not liable in the capacity in which it is sued.

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant, subject to its motion to transfer venue, respectfully requests that it have judgment on its behalf that Plaintiff takes nothing, dismissing all of Plaintiff's claims and causes of action with prejudice, and that Defendant has such other and further relief, both general and special, at law or in equity, to which they are justly entitled.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: _____

Mark C. Clemer
Texas Bar No.  04372300
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580 — Telephone
(713) 629-5027 — Facsimile
Email: mclemer@brownsims.com
**ATTORNEYS FOR AIG
PROPERTY CASUALTY CO.**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon the following counsel of record on this 27th day of January, 2017, in accordance with Texas Rules of Civil Procedure 21 and 21a.

Paul L. Sadler
**Carabin & Shaw, P.C.**
630 Broadway
San Antonio, TX 78215
Phone: (210)222-2288
Fax: (210)271-1515
Email: psadler@carabinshaw.com

**ATTONEYS FOR THE PLAINTIFF**

Mark C. Clemer

3

Filed
1/27/2017 1:08:24 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

Cause No. 2016DCV-5951-B

| | | |
|---|---|---|
| Daniel Solis | § | In the District Court of |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Nueces County, Texas |
| | § | |
| American International Group, Inc., | § | |
| *et al.*, | § | |
| | § | 117th Judicial District |
| *Defendants*. | § | |

---

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

---

On this day came to be considered Defendant AIG Property & Casualty's Motion to Transfer Venue, Subject to its Special Appearance. After review of the evidence presented, the court is of the opinion that same should be GRANTED.

It is therefore ORDERED, ADJUDGED, and DECREED that Defendant AIG Property & Casualty's Motion to Transfer Venue, Subject to its Special Appearance is hereby GRANTED.

IT IS FURTHER ORDERED, that this case is hereby transferred to Karnes County, Texas.

SIGNED on this day of _____.


_____
JUDGE PRESIDING

EXHIBIT C-8

Filed
1/27/2017 1:58:09 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

Cause No. 2016DCV-5951-B

| | | |
|---|---|---|
| Daniel Solis | § | In the District Court of |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Nueces County, Texas |
| | § | |
| American International Group, Inc., | § | |
| *et al.,* | § | |
| | § | 117th Judicial District |
| *Defendants.* | § | |

## DEFENDANT AIG PROPERTY CASUALTY COMPANY'S ORIGINAL ANSWER, SUBJECT TO ITS MOTION TO TRANSFER VENUE

COMES NOW DEFENDANT, AIG PROPERTY CASUALTY COMPANY, incorrectly referred to in Plaintiff's First Amended Petition as "AIG Property and Casualty"[1] and subject to its Motion to Transfer Venue, and files its Original Answer to Plaintiff's First Amended Petition respectfully showing this Honorable Court the following:

### I. GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial as to Plaintiff's Amended Petition; and thus, generally denies each and every allegation contained in Plaintiff's Amended Petition and demands strict proof thereof.

### II. AFFIRMATIVE DEFENSES

Defendant did not issue the insurance policy CA 100-18-63 that forms the basis of Plaintiff's claim.

---

[1] Plaintiff's First Amended Petition also refers to "American International Group, Inc." which is a separate entity from AIG Property Casualty Company.  American International Group, Inc. has not been served with process in this lawsuit and this motion is not an appearance on behalf of American International Group, Inc.

EXHIBIT C-9

Defendant is not liable in the capacity in which it is sued.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, subject to its motion to transfer venue, respectfully requests that it have judgment on its behalf that Plaintiff takes nothing, dismissing all of Plaintiff's claims and causes of action with prejudice, and that Defendant has such other and further relief, both general and special, at law or in equity, to which they are justly entitled.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: _____

Mark C. Clemer
Texas Bar No.  04372300
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580 — Telephone
(713) 629-5027 — Facsimile
Email: mclemer@brownsims.com
**ATTORNEYS FOR AIG
PROPERTY CASUALTY CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon the following counsel of record on this 27th day of January, 2017, in accordance with Texas Rules of Civil Procedure 21 and 21a.

Paul L. Sadler
**Carabin & Shaw, P.C.**
630 Broadway
San Antonio, TX 78215
Phone: (210)222-2288
Fax: (210)271-1515
Email: psadler@carabinshaw.com

**ATTONEYS FOR THE PLAINTIFF**

_____
Mark C. Clemer

3

Filed
1/27/2017 1:08:24 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

Cause No. 2016DCV-5951-B

| | | |
|---|---|---|
| Daniel Solis | § | In the District Court of |
|   *Plaintiff,* | § | |
| | § | |
| v. | § | Nueces County, Texas |
| | § | |
| American International Group, Inc., | § | |
| *et al.,* | § | |
| | § | 117th Judicial District |
|   *Defendants.* | § | |

---

## DEFENDANT AIG PROPERTY CASUALTY COMPANY'S MOTION TO TRANSFER VENUE

---

COMES NOW DEFENDANT, AIG PROPERTY CASUALTY COMPANY, incorrectly referred to in Plaintiff's First Amended Petition as "AIG Property and Casualty"[1] and files this Motion to Transfer Venue, respectfully showing this Honorable Court the following.

### I. MOTION TO TRANSFER VENUE

This case involves a motor vehicle accident in Karnes County, Texas. Plaintiff was a resident of Karnes County, Texas at the time the accident occurred. Venue is improper in Nueces County and Defendant files this timely objection to the improper venue. Plaintiff seeks to maintain venue in Nueces County under Texas Civil Practices and Remedies Code sections 15.001, 15.002 and Texas Insurance Code section 1952.110(2) based on his assertion that "All or

---

[1] Plaintiff's First Amended Petition also refers to "American International Group, Inc." which is a separate entity from AIG Property Casualty Company. American International Group, Inc. has not been served with process in this lawsuit and this motion is not an appearance on behalf of American International Group, Inc.

EXHIBIT C-10

a substantial part of the events or omissions giving rise to the claim arose in Nueces County." Plaintiff's assertion is contrary to law and fact.

The accident occurred in Karnes County, Texas, not Nueces County. Plaintiff's First Amended Petition correctly states that the accident occurred on State Highway 72. State Highway 72 is not located in Nueces County. It is located in Karnes County. Further, at the time of the accident Plaintiff did not reside in Nueces County. Venue is proper in Karnes County, not Nueces County. Therefore venue should be transferred from Nueces County to Karnes County.

Texas Civil Practices and Remedies Code section 15.001 contains only definitions. Section 15.002 requires lawsuits to be brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, the county of defendant's residence or the county of the defendant's principal office in this state. Further, Texas Insurance Code section 1952.110(2) provides that an action against an insurer in relation to uninsured or underinsured motorist coverage may be brought only in the county in which (1) the policyholder or beneficiary instituting the action resided at the time of the accident involving the uninsured or underinsured vehicle; or (2) the accident occurred.

In this case, the policyholder or beneficiary instituting the action did not reside in Nueces County at the time of the accident and the accident did not occur in Nueces County. Therefore, under Texas Insurance Code section 1952.110, the lawsuit may not be brought in Nueces County. Instead, venue should be transferred to Karnes County where the accident occurred.

2

Nueces County is also not the county where all or a substantial part of the events or omissions giving rise to the claim occurred, the county of defendant's residence or the county of the defendant's principal office in this state. The county where all or a substantial part of the events or omissions giving rise to the claim occurred is Karnes County because that is where the accident occurred. Texas Insurance Code section 1952.110 controls venue determinations in uninsured/underinsured motorist coverage cases, not Texas Civil Practices and Remedies Code section 15.001 or 15.002. But in any event venue is not proper in Nueces County and the case must be transferred to Karnes County where venue is proper.

## II. PRAYER

WHEREFORE, PREMISES CONSIDERED, AIG PROPERTY CASUALTY COMPANY respectfully requests that the Honorable Court GRANT its Motion to Transfer Venue and transfer this matter to a proper court in Karnes County.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: _____

Mark C. Clemer
Texas Bar No. 04372300
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580 — Telephone
(713) 629-5027 — Facsimile
Email: mclemer@brownsims.com
**ATTORNEYS FOR AIG
PROPERTY CASUALTY
COMPANY**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon the following counsel of record on this 27th day of January, 2017, in accordance with Texas Rules of Civil Procedure 21 and 21a.

Paul L. Sadler
**Carabin & Shaw, P.C.**
630 Broadway
San Antonio, TX 78215
Phone: (210)222-2288
Fax: (210)271-1515
Email: psadler@carabinshaw.com

**ATTONEYS FOR THE PLAINTIFF**

Mark C. Clemer

4